[Civ. No. 2715.   First Appellate District, Division Two.—March 7, 1919.]

## PALO ALTO MUTUAL BUILDING AND LOAN ASSOCIATION (a Corporation), Respondent, v. PETER MULLEN et al., Appellants.

[1] MORTGAGE—FORECLOSURE—APPEAL.—In an action to foreclose a mortgage which was given by the mortgagors to secure a fixed sum and also further advances, and the fulfillment of any covenants or agreements which the mortgagors might agree in writing with the mortgagees should be secured thereby, the finding of the court that the mortgagors had agreed that a certain further advance should

be secured by the mortgage will not be disturbed by the appellate court where the evidence is conflicting.

[2] ID.—COINSTRUCTION.—The construction of the clause in question is that the necessity of an agreement in writing under said clause is limited to the fulfillment of "any covenants or agreements," and does not apply to the further advances designated in the same clause.

APPEAL from a judgment of the Superior Court of the County of Santa Clara. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. H. H. Hart and T. John Butler for Appellants.

J. S. Hutchinson and Walter Slack for Respondent.

HAVEN, J.—Action for foreclosure of a mortgage executed on January 28, 1909, by Peter Mullen and Mamie Mullen, his wife, to Palo Alto Mutual Building and Loan Association. Said mortgage secured a note of the mortgagors in the sum of four thousand dollars and further advances under the terms of the clause hereinafter set forth. The sum of three thousand five hundred dollars only was advanced on the four thousand dollar note, which sum has been fully repaid. The present action is brought to recover the sum of one thousand dollars, with interest and costs, alleged by plaintiff to have been advanced to the mortgagor Peter Mullen under the terms of the mortgage, and the payment of which is alleged to have been secured by the following clause of the mortgage:

"And also to secure such further advances as may be made to the mortgagors, or either or any of them, by the mortgagee, or on their account, before the satisfaction hereof, and the fulfillment of any covenants or agreements which the parties hereto, their heirs or assigns, may hereafter agree in writing shall be secured hereby."

The judgment was for the plaintiff for the amount of the advance, with interest thereon and costs incurred, with a decree declaring the same to be a lien upon the property described in the mortgage and ordering said property sold and the proceeds applied in payment of that debt. The personal judgment was against the mortgagor Peter Mullen alone, but the interest of the mortgagor Mamie Mullen in the property was ordered sold under the foreclosure decree. The defend-

ants appeal from this judgment, contending, first, that the one thousand dollars in controversy was not advanced under the terms of the mortgage; and, secondly, that under the clause above quoted, no advancement was secured by the mortgage unless agreed upon in writing by both of the mortgagors.

It is admitted that the sum of one thousand dollars was paid to the defendant Peter Mullen by check of plaintiff on June 1, 1911. The controversy is over the question as to whether this payment was made as a further advance under the terms of the mortgage and was intended to be secured thereby, or whether, on the other hand, it was a personal payment from one Marshall Black, the secretary of the plaintiff, on his own account and was not made by the plaintiff as an advance under the terms of the mortgage. Upon this disputed fact the evidence introduced by plaintiff was as follows:

At the time the payment was made to the defendant Peter Mullen, he signed a receipt reading as follows:

"No. 5887.            Palo Alto, California, June 1, 1911.

"Received from Palo Alto Mutual Building & Loan Association one thousand & no/100 dollars, on account of secured advance on loan #497.

"PETER MULLEN."

The check was handed to him by the bookkeeper of the secretary, Black, who testified that he was instructed by Mr. Black, at the time the check was issued, to charge it to Mr. Mullen's loan account. In connection with this testimony, the check-book and account-books of the plaintiff were offered in evidence. From these it appeared that the bookkeeper marked the stub of the check as follows: "To Peter Mullen, secured advance $1000." The first entry in the account-books was made in the cash journal and there appeared as "Secured Advance Peter Mullen, $1000." The item was also entered in the general ledger of the plaintiff on the page designated as "Secured Advances," and was again posted in the "Secured Advance Ledger," where it appeared under the name "Peter Mullen." It further appeared that in posting the item to the general ledger it was first entered in an account designated as "Suspense Account," which account was conceded to have been a personal account of the secretary, Black. The bookkeeper testified that this last entry was an error and

that it was corrected as soon as discovered, and the court so found. The defendant Peter Mullen and the secretary Marshall Black, both testified that the instructions given to the bookkeeper were to enter this item under the personal account of Black, and that neither of them had any knowledge that the transaction was claimed to have been an advance under the terms of the mortgage until shortly before the present suit was commenced, which was more than three years after the payment of June 1, 1911. It appears from the evidence that the secretary, Black, had purchased an automobile from the defendant Peter Mullen, who had demanded payment therefor. The check of one thousand dollars, which is the basis of this action, was given by Black to Mullen at the time of said demand. It is admitted that this was a personal purchase by Black, and it is contended by the appellants that the whole transaction was had by Black personally and that the plaintiff had no connection therewith, except that Black used the plaintiff's funds in payment of his personal debt. [1] Upon this conflicting evidence the court found that the sum of one thousand dollars was advanced and loaned by plaintiff to the defendant Peter Mullen under the authority of said mortgage ''as a further advance under the terms of said mortgage, which said sum said defendant Peter Mullen then and there agreed in writing should be a secured advance under said mortgage.'' The above finding is supported by the documentary evidence above referred to and by the testimony of the bookkeeper. Appellant's contention upon this finding goes no further than to show that the evidence upon the issue was conflicting. The finding cannot, therefore, be disturbed by this court.

It is next insisted that, even if the one thousand dollars was paid to and received by the defendant Peter Mullen as an advance, the clause of the mortgage above quoted does not warrant the conclusion that such advance was secured thereby, for the reason that the defendant Mamie Mullen, who was one of the mortgagors, did not agree in writing that the same should be so secured. The determination of this contention depends upon the proper construction of the clause in the mortgage as to further advances above set forth. On behalf of the appellants, it is argued that the last clause, ''which the parties hereto, their heirs or assigns, may hereafter agree in writing shall be secured hereby,'' should be

read as referring both to further advances and to the covenants or agreements referred to in the latter portion of the clause.   On behalf of respondent, it is contended that by the disputed clause two distinct objects are sought to be secured, viz.: (a) "Such further advances"; and (b) "the fulfillment of any covenants or agreements"; and that the restrictive clause introduced by "which," contained in the last three lines of the above provision of the mortgage, refers to the second of these objects only, namely, to the covenants or agreements.   To state it in a different form, it is contended by respondent that the clause is divided into two distinct parts, the first terminating with the word "hereof" followed by a comma, and that the balance of the clause is entirely separate from that which precedes it.   The trial court adopted the construction contended for by respondent and included its interpretation of the disputed clause in its findings in the following language:

"That, in addition to securing said note for four thousand dollars, above referred to, said mortgage was given by said defendants, Peter Mullen and Mamie Mullen, and each of them, to secure such further advances as might be made to said defendants, Peter Mullen and Mamie Mullen, or either of them, by plaintiff before the satisfaction of said mortgage, and which said further advances said Peter Mullen and Mamie Mullen, and each of them, in and by the terms of said mortgage agreed to pay to plaintiff, in gold coin of the United States; that said mortgage was also given to secure the fulfillment of any covenants or agreements which said Peter Mullen and Mamie Mullen, their heirs or assigns, might thereafter agree in writing with the plaintiff should be secured thereby, and also to secure the fulfillment of each and all the covenants and agreements in said mortgage contained."

[2]   We are of the opinion that the construction contended for by respondent and adopted by the trial court is the correct interpretation of the clause above referred to, and that the necessity of an agreement in writing is limited to "any covenants or agreements," and does not apply to the "further advances" designated in the first part of the clause referred to.   It follows that the trial court did not err in decreeing that the amount of the disputed advance, with interest and costs, constituted a lien upon the real property described in the mortgage and ordering a foreclosure thereof.

We have examined the other contentions of appellants as to attorneys' fees and costs, and do not find any error in the action of the trial court with regard thereto.

The judgment appealed from is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the Supreme Court on May 5, 1919.

All the Justices concurred.